## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MELISSA FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 14-2455-JWL** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

I.      **Background**

Plaintiff applied for DIB, alleging disability beginning January 1, 2011.  (R. 19, 149).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  (Doc. 1).  Plaintiff claims that the Administrative Law Judge (ALJ) erred at step three of the sequential evaluation process, either in finding that her condition does not meet or equal the severity of Listing 1.04(C)

of the Listing of Impairments, or in failing to consult with a medical expert to determine whether her condition meets or equals a listing.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

3

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's determination that Plaintiff's condition does not meet or equal the severity of a listed impairment.  The court also finds that Plaintiff has not shown that a medical opinion regarding whether a Listing is met or equaled is necessary in the circumstances of this case.  Therefore remand is not necessary and the Commissioner's decision shall be affirmed.

**III.    Discussion**

Plaintiff points to the requirements of Listing 1.04(C), and makes the following argument:

> Claimant suffers from disc protrusions, degenerative disc disease, radiculopathy and chronic pain.  Claimant underwent two surgeries for a herniated disc and suffers from chronic pain.  She requires the use of a cane and walker to ambulate.

> Claimant believes she meets or medically equals the above listing [(1.04(C))].  At the very least the ALJ should have consulted with a medical expert to determine whether Claimant's impairments met or equaled the listings.

(Pl. Br. 4).

The Commissioner argues that in order to meet a Listing, a claimant must establish that she meets all of the criteria of that Listing.  (Comm'r Br. 6) (citing Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  She argues that Plaintiff has not shown four of the criteria of Listing 1.04(C):  compromise of the nerve root or spinal cord, lumbar spinal stenosis, pseudoclaudication manifested by chronic nonradicular pain and weakness, or

inability to ambulate effectively.  Id. at 7-9.  And, she argues that the ALJ's step three

determination is supported by the medical opinion of a state agency physician who opined

that Plaintiff's condition does not meet or equal the severity of a Listed Impairment.  Id.

at 9.

A.    **Standard for Evaluating Step Three and Listing 1.04**

The Commissioner has provided a "Listing of Impairments" which describes

certain impairments that she considers disabling.  20 C.F.R. § 404.1525(a); see also, Pt.

404, Subpt. P, App. 1 (Listing of Impairments).  If plaintiff's condition meets or equals

the severity of a listed impairment, that impairment is conclusively presumed disabling.

Williams, 844 F.2d at 751; see Bowen v. Yuckert, 482 U.S. 137, 141 (1987) (if claimant's

impairment "meets or equals one of the listed impairments, the claimant is conclusively

presumed to be disabled").  However, plaintiff "has the burden at step three of

demonstrating, through medical evidence, that his impairments 'meet all of the specified

medical criteria' contained in a particular listing."  Riddle v. Halter, No. 00-7043, 2001

WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting Zebley, 493 U.S. at 530 (emphasis

in Zebley)).  "An impairment that manifests only some of [the listing] criteria, no matter

how severely, does not qualify" to meet or equal the listing.  Zebley, 493 U.S. at 530.

Medical equivalence to a listing may be established by showing that the claimant's

impairment(s) "is at least equal in severity and duration to the criteria of any listed

impairment."  20 C.F.R. § 404.1526(a).  The determination of medical equivalence is

made without consideration of vocational factors of age, education, or work experience. 20 C.F.R. § 404.1526(c).

"The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard.  The listings define impairments that would prevent an adult, regardless of h[er] age, education, or work experience, from performing <u>any</u> gainful activity, not just 'substantial gainful activity.'" <u>Zebley</u>, 493 U.S. at 532-33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)). The listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." <u>Yuckert</u>, 482 U.S. at 153.  "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively." <u>Caviness v. Apfel</u>, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

Listing 1.04 deals with disorders of the spine:

1.04 <u>Disorders of the spine</u> (<u>e.g.</u>, herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.

With:

. . .

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R., Pt. 404, Subpt. P, App. 1.

The criteria of Listing 1.04(C) are; (A) a disorder of the spine, which causes compromise of (1) a nerve root, or (2) the spinal cord, with (B) lumbar spinal stenosis (i) resulting in pseudoclaudication, (ii) established by findings on appropriate medically acceptable imaging, (iii) manifested by (a) chronic nonradicular pain and (b) weakness, and (iv) resulting in inability to ambulate effectively.

### B.   Analysis

As the Commissioner argues, Plaintiff has not shown that she meets all of the criteria of Listing 1.04(C).  First, and foremost, Plaintiff has not shown that she has (B) lumbar spinal stenosis (ii) established by findings on appropriate medically acceptable imaging.  As the Commissioner points out, Plaintiff had Magnetic Resonance Imaging (MRI) done of her lumbar spine in February 2010 and in September 2011.  (R. 333-34, 538-39).  The MRI in February 2010 revealed "[n]o evidence of central stenosis or neural foraminal stenosis" (R. 334), and in September 2011 it was noted that "[t]here has been no apparent change since the previous study," and "[n]o ... spinal stenosis has developed."  (R. 539).  Not only has Plaintiff failed to show spinal stenosis, the record evidence demonstrates that she does not have lumbar spinal stenosis.  That evidence alone is sufficient to demonstrate that Plaintiff's condition does not meet Listing 1.04(C).  As the Commissioner argues, there are other criteria of the Listing that are not met, but the court need not, and will not, belabor that point.

Plaintiff's argument that she medically equals Listing 1.04(C) appears to rest upon the assertion that she "requires the use of a cane and walker to ambulate."  (Pl. Br. 4).

7

However, the court concludes that Plaintiff has not shown that she is unable to ambulate effectively.

The regulations define "inability to ambulate effectively," as "an extreme limitation in the ability to walk . . . having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 1.00B(2)(b)(1)(emphasis added). The regulations explain:

> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R., Pt. 404, Subpt. P, App. 1 § 1.00B(2)(b)(2). Plaintiff has not shown the extreme limitation in the ability to walk contemplated by the regulations.

In his decision, the ALJ discussed Plaintiff's use of assistive devices:

> Although the record documents that she has been observed using assistive devices, there is no reference that this was prescribed by a physician. . . . She has had normal to only slightly limited muscle strength in her lower extremities. Though her gait has been characterized as antalgic (while observed using a cane on various occasions), she was able to stand on her toes and heels.

8

(R. 22).

> [T]he undersigned finds no objective evidence in the record that the
> claimant would require the use of an assistive device since the treatment
> notes document that the claimant has no lower extremity weakness despite
> her subjective complaints.

(R. 26).  Although Plaintiff argues that she requires the use of a cane and walker to
ambulate, she does not point to evidence suggesting that the ALJ's findings in this regard
are erroneous.  Moreover, the record evidence supports his findings.  And, Plaintiff does
not challenge the ALJ's credibility determination--that Plaintiff's allegations of symptoms
are not credible.  (R. 25).  Plaintiff has not shown error in the ALJ's step three
determination that her impairments do not meet or medically equal the severity of a
Listed Impairment.

Plaintiff's assertion that "the ALJ should have consulted with a medical expert to
determine whether Claimant's impairments met or equaled the listings" (Pl. Br. 4), must
also fail.  Although the Commissioner asserts that a state agency physician, Dr. Bullock
opined that Plaintiff's condition does not meet or equal a Listed Impairment, she does not
cite to a specific opinion by Dr. Bullock that Plaintiff does not meet or equal a Listed
Impairment.  The evidence to which the Commissioner cites is a reconsideration disability
determination (R. 84), and a reconsideration disability explanation (R. 91-94), and the
finding contained therein--that Plaintiff is not disabled--certainly implies that her
condition does not meet or equal a Listed Impairment.  However, that evidence does not
contain a specific finding by Dr. Bullock that Plaintiff's condition does not meet or equal

a Listed Impairment.  Nevertheless, as noted above, the ALJ made those specific findings, and the record evidence supports his findings.  Plaintiff has provided no authority for her assertion that the ALJ should have consulted with a medical expert in this regard.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 8th day of October 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**